### BILLEY RANDELL v. THE STATE.

#### No. 3333. Decided January 31, 1906.

**1.—Local Option—Insufficiency of Evidence—Identification.**

Where upon a trial for a violation of the local option law the evidence showed a want of identification of the defendant by the prosecutor, and that in the transaction the latter borrowed the whisky from a third party and does not connect defendant in any way therewith, or that the said third party was interested in the cold storage otherwise than that he kept whisky therein, the same was insufficient to sustain the conviction.

**2.—Same—Evidence—Impeachment of Witness.**

Where in a prosecution for a violation of the local option law it was disclosed that the State's witness expected to get paid in witness fees where convictions were obtained, and that he had appeared before a grand jury and had given testimony upon which several indictments had been returned charging violations of the local option law, it was error not to have permitted defendant to interrogate witness as to an affidavit he made before a notary public to the effect that he had not at any time purchased any intoxicating liquor from the parties who were indicted under his testimony.

**3.—Same—Charge of Court—Burden of Proof.**

A charge of the court which shifts the burden of proof and requires defendant to prove a negative in order to establish his innocence, was error. See opinion for such charge.

**4.—Same—Charge of Court—Subterfuge—Weight of Evidence.**

On trial for a violation of the local option law where the evidence showed no evasion of the law by defendant, it was error to charge the jury that it was authorized to find a connivance between the defendant and other parties and a resort to subterfuge to evade the law.

Appeal from the County Court of Grayson. Tried below before Hon. G. P. Webb.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Conviction for violating the local option law. Pete Hasey testified that on the morning of December 31, 1904, he went to Reisenberg's cold storage in Sherman, and told some one who was behind the bar that he wished to put in an order for a quart of whisky. This person furnished him with a blank which he filled out and signed. He then remarked to this person that he wanted the whisky then, and he said, "I don't do business that way, and you can't get it until it gets here." Hasey then went to Charley Bray who was in another portion of the house next to the lunch counter, sitting on a stool, and asked him if he had any whisky there. He said, yes. "I then told him I had ordered some whisky and asked him if he would let me have one of his bottles until mine came. He said 'all right,' and went with me to the bar and told the person who was behind the bar to let me have one of his bottles, and such person handed me a bottle of whisky." On January 9, 1905, this same witness Hasey went to the same place and obtained another bottle from Charley Bray, under practically the same circumstances as he had previously done. On cross-examination he stated that he worked when he got ready, and quit when he pleased; that he could not tell when he had put in a day's work, and could not mention but three days he had worked during the year, and those three days he worked for Mr. Stephens. Claimed to be a farmer, but never made a crop in his life. He says he had not rented any farm at present and never had rented; and never hired out to work by the year or the month but worked by the job. "My occupation now is testifying in local option cases. I have been summoned as a witness in some fifteen or twenty local option cases. All the pay I get is my witness fees in cases where there are convictions. My eyesight is very bad. I cannot distinguish the features of a man unless the light shines on them. I cannot distinguish the features of a man if he is standing in a shadow. The bar at Reisenberg's cold storage is back in a set-off and is in a shadow. I will not swear positively that defendant is the man who gave me the orders to sign and who gave me the bottles of whisky at the request of Charley Bray, but to my best knowledge and eyesight defendant is the man. My eyesight is too bad, and I will not swear positively that he is the man. * * * My eyesight is so bad that I cannot do any hoeing in a cotton or corn crop until the plants are of considerable size. I cannot work in crops of that kind with the hoe while the plants are small because I cannot distinguish the plants from the weeds. I live at no particular place. I live about at different places. I cannot tell you for whom I have worked. I once lived in Collin County. I worked in a restaurant there. I then worked for the

county there. I did not work as county judge nor as sheriff nor as deputy sheriff. I did not work as county commissioner. I worked on the road for the county. I was not road overseer. I know what you are driving at. I worked with the convict gang. I plead guilty to stealing a pistol in Collin County and was fined and worked my fine out on the county road. You brought men here who impeached me on the first trial of this case but I can prove as good character as anybody. I was hired by Sam Rich to file complaints and get indictments against cold storage men. I am summoned as a witness in some fifteen or twenty different cases. I have not been paid anything. I get my pay out of witness fees in cases where there are convictions. I appeared before the grand jury and gave testimony upon which several indictments have been returned against Horace O'Neal and Clay Dulin, and I also swore to several complaints against Horace O'Neal and Clay Dulin, charging them with selling me liquor. The conversations I had with Charley Bray about loaning me a bottle of liquor were over next to the lunch counter on the other side of the house from the bar." Defendant introduced no evidence. We do not believe these facts make out a case. There is a want of identification of the defendant by this nearsighted expert witness as the man who took the orders. If this witness is to be believed, in both transactions he borrowed the whisky from Charley Bray, and does not connect defendant in any way with the transaction between himself and Bray. It is not controverted, nor sought to be, that Bray let him have the whisky. There is no fact going to show that Bray was in any way interested in the cold storage otherwise than that he kept the whisky in said cold storage. If as a matter of fact there was any connection between Bray and defendant, if defendant was the man behind the bar, in loaning the whisky as a sale to evade the local option law, there should be some evidence introduced showing that connection. It occurs to us that taking this testimony as it stands, in order to sustain the conviction the conclusion must be reached that because Bray loaned Hasey two bottles of whisky, therefore appellant is guilty of selling to Hasey. The conclusion would not follow from the premises. We might have a very different case if Bray was on trial for the sale.

While Hasey was testifying on cross-examination, and after he had testified that he had been hired by Sam Rich to file complaints and get indictments against cold storage men, and after he had said he was a witness in fifteen or twenty transactions for violations of the local option law in Grayson County, and expected to get his pay in witness fees where convictions were obtained, and after he had stated that he had appeared before the grand jury and had given testimony upon which several indictments had been returned against Horace O'Neal and Clay Dulin, charging them with violating the local option law, appellant's counsel propounded the following question: "Is it not a fact that after these indictments were obtained, you made affidavit before a notary public that you had not at any time purchased any

intoxicating liquor from the said Horace O'Neal and Clay Dulin?" On objection by the State the witness was not permitted to answer, but would have answered in the affirmative. We believe that under the circumstances of this case and in the attitude this witness had placed himself before the jury, this question should have been answered.

Exception was reserved to the following portion of the court's charge: "You are further instructed that if you believe that Pete Hasey made an order for whisky through defendant, and that Pete Hasey borrowed whisky from Charley Bray and that defendant took no part in such loan for the purpose of evading the law, or if you have a reasonable doubt of this, you will acquit defendant." This charge is not correct. It shifts the burden of proof, and requires appellant to prove a negative in order to establish his innocence. If appellant took no part in borrowing the whisky from Bray it would make no difference whether or not the loan was made to evade the law, so far as he is concerned. If he took no part in the loan he would not be guilty, whether he took part in it for the purpose of evading the law or not. We are not discussing Bray's attitude.

The court further charged the jury: "On the other hand, if you believe beyond a reasonable doubt that defendant and Charley Bray connived together to make a sale of intoxicating liquor to prosecuting witness, Pete Hasey, through the semblance of a loan from Charlie Bray to the said witness, for the purpose of evading the law, and that such loan by Charley Bray to prosecuting witness was not in good faith but was a subterfuge to evade the law, then such transaction would be a sale under the meaning of the law." Objection was urged to this charge. It occurs to us that under the facts it is not shown that Bray and defendant connived to evade the law. Taking the two charges together, there was no possibility of the jury acquitting. In the first the jury was charged that in order to acquit, appellant was required to show he took no part in the loan for the purpose of evading the law; and in the second the jury was authorized to find a connivance between the parties for the purpose of evading the law, and that such connivance was not in good faith but a subterfuge. These charges assume facts not proved as a basis of conviction and require appellant to disprove the assumed untestified acts. For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*